### 170

Linden B. Thomas
vs. } Div.No.9599
Mildred A. Thomas

May 31, 1918

TANNER, P. J. This case is heard upon the respondent's motion for an allowance for support and counsel fees in defending against the petitioner.

We do not find that the petitioner is at present able to pay an allowance to his wife and we doubt if his health is such that the Court ought to insist that he change his occupation so as to be obliged to work steadily in a shop. We also find that

the respondent has not sufficient means of her own to defend against said petitioner. On this state of facts the question arises whether or not under the language of our statute the Court can make an allowance to the wife.

It is true that the statute reads that such allowance is to be made out of the estate of the husband. Independently of the statute, the authorities are to the effect that a husband cannot be permitted to prosecute a divorce against his wife without furnishing her with the means to defend herself, if necessary, although the husband shows that he is unable to make such allowance.

These decisions appeal strongly to the Court since we believe that the public is interested in such cases as well as the parties themselves. The public welfare demands that a wife should be permitted to defend herself against charges made against her for the purpose of getting a divorce. We do not believe that the husband should be permitted to prosecute a divorce unless he can furnish his wife with the necessary means for defence.

In Thayer vs. Thayer, 9 R. I. 377, our Court decline dto say whether or not the language of our statute prevented them from following the common law decisions. They intimated they wouldn't have felt obliged to apply them in that particular case, which was a peculiar case presenting for decision the question of whether there had ever been any marriage to be dissolved. The Court, however, evidently yielded to the force of the decisions to the extent of saying that they would give the wife plenty of time to procure the means for defence if possible.

It is not clear to us that the language of the statute was meant to impose the limitations suggested, or that the words "out of the estate" were anything more than a figure of speech. Any allowance is, of course, an allowance out of the estate if it is paid. Even if a husband has not the estate to pay the allowance at the time of hearing and decision, he may subsequently procure it.

We hold that the Court has the right to and should impose upon the husband the necessity of furnishing the wife with the means for defence if she needs it, and that if he isn't able to do so at the time of hearing, he should wait until he is able to do so before he is allowed to try his case.

This is a somewhat important point that ought to be finally decided and we think it is better that the petitioner should have the final opinion of the Supreme Court upon exception before a trial on the merits.

We will therefore allow the respondent the sum of $100 for the purpose of making her defence.

For Petitioner: Baker & Spicer and Ira L Letts.

For Respondent: F. A. Jones.